IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EUGENE BAIRD and RHINO PRODUCTS, INC., <br><br> Plaintiffs. <br><br> v. <br><br> PPG INDUSTRIES, INC., PPG ARCHITECTURAL FINISHES, INC., CHRIS SIDES, JOSEPH SMITH, DAVE HINA, and FICTITIOUS PARTIES A, B and C, and FICTITIOUS PARTIES D, E and F, and FICTITIOUS PARTIES G, H and I, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. _____ <br><br> **Formerly CV-15-901794.00 in the Jefferson County Circuit Court** |

## NOTICE OF REMOVAL

TO: Anne-Marie Adams, Clerk
Circuit Court of Jefferson County
Jefferson County Courthouse, Room 400
Birmingham, AL  35203

Alex R. Hirschfield
Jamieson and Hirschfield, LLC
Post Office Box 131374
Birmingham, AL  35203

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants PPG Industries, Inc. ("PPG Industries"), PPG Architectural Finishes, Inc. ("PPG Architectural") (together "PPG") and Dave Hina ("Hina") (collectively

"Defendants") hereby give notice of removal of this case from the Circuit Court of Jefferson County, Alabama, and as grounds state as follows:

1. This lawsuit was originally filed on May 4, 2015 in the Jefferson County Circuit Court. All process, pleadings and orders served upon these Defendants is attached hereto as Exhibit A. PPG was served on May 11, 2015 and Dave Hina was served on May 12, 2015. According to the Clerk's records, Joseph Smith and Chris Sides are currently unserved (see Exhibit B).

2. Pursuant to 28 U.S.C. §1446(d), Defendant has served a copy of this Notice on Plaintiff and is filing a copy of this Notice with the Clerk of the Jefferson County Circuit Court.

3. The documents attached hereto as Exhibit A constitute a copy of the Circuit Court's file, including all process and pleadings served upon Defendants.

## FEDERAL QUESTION JURISDICTION

1. The Defendants remove this action pursuant to 28 U.S.C. § 1441(a), which states, in pertinent part that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

2. This removal is based on federal question jurisdiction. See 28 U.S.C. § 1331.

3. To confer federal question jurisdiction, the civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)).

4. In this case, Plaintiffs have presented three causes of action (Counts V, VI and VII) alleging violations of federal laws, 18 U.SC. §§ 1961 and 1962. Thus, this case is "properly removed from state court based on this court's jurisdiction over the RICO claims pursuant to 28 U.S.C. § 1331." *Star Discount Pharmacy, Inc. v. MedImpact Healthcare Sys., Inc.*, 2014 WL 4470720, at *9 (N.D. Ala. Sept. 10, 2014).

5. In addition, Count I, "violation of Alabama's antitrust act," Section 6-5-60, and Count IV, "price fixing or limiting quantity of a commodity violation of" Section 8-10-1 both raise a substantial issue of federal law, because under Alabama law, federal law governs Alabama antitrust actions. *See, e.g., City of Tuscaloosa v.*

3

*Harcros Chems., Inc.*, 158 F.3d 548, 555 n.8 (11th Cir. 1998) ("Under Alabama law, federal antitrust law prescribes the terms of unlawful monopolies and restraints of trade as they should be administered in Alabama.") (Internal quotations omitted.); *Griffiths v. Blue Cross & Blue Shield of Ala.*, 147 F. Supp. 2d 1203, 1219 (N.D. Ala. 2001); *Star Discount Pharmacy, Inc.*, 2014 WL 4470720, at *7 ("the plaintiff's [state law] antitrust claims are governed by federal law"). Thus, the federal court may properly exercise subject matter jurisdiction over the Alabama antitrust claims because they raise issues of federal substantive law and rely on federal substantive law to determine whether a violation has occurred.

6. Thus, the majority of the claims pleaded by Plaintiffs allege violations of federal statutes, or violation of state statutes which apply federal substantive law. The Court, therefore, has subject matter jurisdiction over this lawsuit.

## SUPPLEMENTAL JURISDICTION

7. To the extent that any particular claim against any party may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367 because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

8.	Defendants Smith and Sides have not been properly joined or served (See Exhibit C).

## CONCLUSION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367, and removal is proper under 28 U.S.C. § 1441.

Respectfully submitted,

/s/ Andrew J. Sinor, Jr.
ANDREW J. SINOR, JR.
(ASB-8207-S66A)
CHRISTINE HARDING HART
(ASB-5687-T47H))
*Attorneys for PPG Industries, Inc., PPG Architectural Finishes, Inc., and Dave Hina*

OF COUNSEL:

HAND ARENDALL LLC
2001 Park Place North
Birmingham, AL 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163
dsinor@handarendall.com

11 North Water Street
RSA Tower, Suite 30200
Mobile, AL 36602
Telephone: (251) 432-5511
Facsimile: (251) 694-6375
chart@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served on June 5, 2015 by mailing the same via email and by United States first class mail, properly addressed and postage prepaid to the following:

Alex R. Hirschfield
Jamieson and Hirschfield, LLC
Post Office Box 131374
Birmingham, AL  35203
alex@jhlawgroup.com

/s/ Andrew J. Sinor, Jr.