FILED
2016 Jul-29  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EUGENE BAIRD, RHINO PRODUCTS, INC.,** | } |
| Plaintiffs, | } |
| v. | } Case No.: 2:15-cv-951-MHH |
| **PPG INDUSTRIES, INC., et al.,** | } |
| Defendants. | } |

## SUBSTITUTED DISMISSAL ORDER[1]

This matter is before the Court on the defendants' motions to dismiss plaintiffs Eugene Baird and Rhino Products, Inc.'s amended complaint. (Docs. 10, 19). On June 2, 2016, the Court held a hearing on the motions.[2]

Consistent with the discussion held on the record during the June 2, 2016 hearing, the Court **DISMISSES WITH PREJUDICE** the plaintiffs' Sherman Act and RICO claims (counts V, VI, VII, VIII, and IX).[3]  The Court exercises its

---

[1] This order supersedes the order that the Court's July 6, 2016 order. (Doc. 26).

[2] A court reporter was present, and a copy of the transcript is available upon request.

[3] The plaintiffs concede that their state law antitrust claims (Counts I and IV) should be dismissed. (Doc. 22, p. 2).

discretion under 28 U.S.C. § 1367(c) and declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims.

Because the defendants removed this action from state court (Doc. 1), the Court **REMANDS** the plaintiffs' intentional interference with business relations and civil conspiracy state law claims to the Circuit Court of Jefferson County, Alabama.  *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction. . . ."); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.,* 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court.").

**DONE** and **ORDERED** this July 29, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE